ITURRINO, PETITIONER AND APPELLEE, *v.* ITURRINO, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Proceeding for Judicial Administration.

No. 1437.—Decided June 9, 1916.

VACATION.—A vacation has been defined as all the time between the end of one term and the beginning of another and also as the interval between judicial proceedings; the rest of the court; the time during which the court holds no session.

CHAMBERS.—In its popular signification the word ''chambers'' means the private office; the office of a judge or other place where motions are heard and orders made, or where during the vacation period the judge disposes of matters out of court which do not require a hearing before a judge or judges in open court.

ADMINISTRATION—TEMPORARY ADMINISTRATOR—GENERAL POWERS OF COURT—VACATION.—By express statutory provision (section 26 of the Special Legal Proceedings Act) the district courts of Porto Rico have no authority to consider petitions for judicial administration during vacation; nevertheless, in urgent cases, under the general powers given them by section 22 of the Code of Civil Procedure as amended in 1905, they may appoint temporary administrators during vacation and should follow as closely as possible the rules prescribed by the statute for the appointment of permanent administrators.

ID.—SURVIVING SPOUSE—HEIR.—Section 31 of the Act relating to special legal proceedings provides that when there is no surviving spouse the heir having the largest interest in the inheritance should· be appointed administrator of the estate.

ID.—TEMPORARY ADMINISTRATOR—SUGGESTION—PERSONAL PROPERTY—CAPACITY AND HONESTY OF HEIR.—A mere suggestion. in an unverified petition for the appointment of a temporary administrator that the estate contains personal property which may be concealed or removed is not sufficient ground for a judge of a district court, in the absence of proof of the incapacity and dishonesty of the person having the greatest interest in the estate, to disregard said person absolutely and prevent him from preserving and managing said property until it may be duly distributed and delivered to its lawful owners.

ID.—QUESTION SUB JUDICE—AUTHENTIC ACKNOWLEDGMENT—NATURAL CHILD— CAPACITY.—When the question of whether the document in which the acknowledgment of a natural child appears is or is not such as law and jurisprudence require in order to show that said acknowledgment was made in an authentic manner is still *sub judice,* the alleged acknowledged natural child has no ·capacity to petition as heir for the judicial administration of the estate of his alleged natural father, according to the Special Legal Proceedings· Act.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellant.

The appellee did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On August 25, ·1915, while the District Court of Aguadilla was in vacation, Luis Iturrino y López petitioned for judicial administration of the estate· left by Dr. Juan Dionisio Iturrino y Rivera, who died testate in Cataño on October 8, 1913. In the petition presented for that purpose it is alleged that the petitioner is the natural son of the said doctor, authentically acknowledged as such by a decree of the High Ecclesiastical Government of October 10, 1884; that having been omitted from the will of his natural father, he brought an action in the said District Court of Aguadilla, which rendered judgment in his favor on June 4, 1915, holding that the said will and the designation therein of the testator's only legitimate daughter, Camila Teresa de Jesús Iturrino, as his heir, were null and void, and that the decedent's estate should be administered *ab intestato;* that therefore the petitioner, as acknowledged natural child and forced heir, has an interest in the proceedings, and that the only person besides the peti-

tioner who is entitled to inherit from the doctor is the said
Camila Teresa de Jesús Iturrino, who is in material posses-
sion of the entire estate, consisting of urban and rural prop-
erties and personal property worth approximately $25,000,
the greater part of which is situated in San Sebastián, Porto
Rico. The petition is verified but unaccompanied by any
documentary evidence.

On September 8, 1915, the petitioner presented another
document to the same court, which was still in vacation, peti-
tioning for the appointment of a temporary administrator
and suggesting Santiago López as such. The document is
not verified.

On September 11, 1915, while the court was still in vaca-
tion, the judge appointed the person indicated by the peti-
tioner as temporary administrator, subject to his furnishing
a bond for $20,000 before entering upon the discharge of his
duties.

On the same day, September 11, 1915, the court summoned
Camila Teresa de Jesús Iturrino to attend a hearing to be
held on the 28th of the said month for the purpose of con-
sidering the appointment of an administrator.

This being the status of the case, on September 25, 1915,
Camila Teresa de Jesús Iturrino moved the court to set
aside the order for judicial administration, and after a hear-
ing on the motion on September 28 following, the judge, on
October 8, 1915, when the vacation of the court had termi-
nated, overruled the motion, leaving in force the judicial
administration as ordered and confirmed the appointment of
a temporary administrator made in vacation, reserving the
setting of a new day in due course for the appearance of
the legitimate child of the decedent for the purpose of con-
sidering the appointment of a permanent administrator. From
that ruling of the court Camila Teresa de Jesús Iturrino took
the present appeal.

The appellant contends that the district court erred (1) in
considering and ruling on the petition for judicial adminis-

traton in vacaton; (2) in appointing the temporary administrator, inasmuch as the facts alleged in the petition did not show that the case was one sanctioned by section 30 of the Act relating to special legal proceedings; (3) in allowing the amendment of the verification of the original petition; and (4) in holding that the petitioner had the status of forced heir of Dr. Iturrino.

1. Let us examine the first error. It is an admitted fact that the district court was in vacation when the petition for judicial administration was presented and ruled on, and as section 26 of the Act of 1905 relating to special legal proceedings, as amended in 1906, provides that "should the said district court be in vacation, the petition shall not be filed until its next session," the appellant contends that the district court erred in proceeding in the manner in which it did.

A vacation has been defined as "all the time between the end of one term and the beginning of another," and also as "the intermission of judicial proceedings; the recess of courts; the time during which courts are not held." See 7 R. C. L. 992.

In treating of the powers of judges at chambers or in vacation, Cyc. says:

"Where the law authorizes or contemplates the doing of a judicial act, it is understood to mean that the court in term-time may do it and the judge in vacation cannot, without express authority, act therein. While the foregoing is a general rule, it is evident that the rules designed for the protection of rights would be of no avail, if judges were deprived of all power at any other time than during court. As a consequence at a very early period judges assumed the right to exercise judicial power at chambers and in vacation, which in their estimation was conducive to the furtherance of the business of the court without special interference with the right of any litigant. 23 Cyc. 543.

*     *     *     *     *     *     *

"In the United States the powers of judges at chambers have been enlarged by constitution and statute, and in Canada by statute; and in the determination of the power of a judge at chambers or in

vacation it would be well to consult always the local constitution and statutes. In the absence of constitutional inhibition, the legislature may confer upon judges the power to perform judicial acts in vacation or at chambers; but exclusive of those powers which judges exercised at common law at chambers and in vacation, a judge can exercise only such judicial functions as are expressly authorized by constitution or statute, and he must act with due regard for the limits thereof, for if he exceeds them his acts will be void. But the courts will not read into the enabling statute limitations and restrictions not expressed therein, and they are powerless to adopt any rules limiting the exercise of the powers conferred by statute." 23 Cyc. 544.

In Porto Rico the general statutory provisions in force regarding the matter are contained in the Act amending section 22 of the Code of Civil Procedure, approved March 8, 1905, (Acts of 1905, p. 135), which reads as follows:

"Section 1.—Section 22 of the Code of Civil Procedure is hereby modified to read as follows:

"District judges at chambers, if so requested, may grant:

"(a) All writs, orders or processes of any kind which are granted in all *ex parte* proceedings, or where there is no opposition;

"(b) All writs of mandamus, certiorari, inhibitory and prohibitory;

"(c) All orders, interlocutory decrees, and any resolution affecting the procedure or tending to insure the enforcement of the decision demanded before or after answering the complaint and also during the time of the execution of the decision.

"In the cases referred to in paragraphs (b) and (c), the party or parties affected by the decision may, within the following five days, oppose such decision and the question so raised shall be decided by the judge at chambers within a period not to exceed ten days from the date such opposition was made.

"Section 2.—All laws or parts of laws in conflict with this Act are hereby repealed.

"Section 3.—This Act shall take effect from and after its approval."

Applying this general statute to the case being considered, the question must be decided against the appellant inasmuch as the words "at chambers" may be considered to embrace.

not only the orders which the court may make at chambers during term-time, but also those made while the court is in vacation.

"During vacation," says the Cyclopedic Law Dictionary, page 942, "rules and orders are made in such cases as are urgent, by a judge at his chambers."

On page 337 of Volume IV of Encyclopedia of Pleading Practice the following appears:

"The term 'chambers,' in its usual significance, means the private rooms or office of a judge, or other place where motions are heard, orders made, or other business is transacted by a judge out of court in term-time or during vacation, in matters which do not require a hearing by a judge or judges sitting as a court."

However, it is not the general law but the special statutory provisions transcribed which should be applied. The wording of said provisions is absolute and the legislative will should be complied with.

This does not mean that the judge may not take prompt measures while the court is in vacation to insure the proper administration and preservation of hereditary property, regardless of whether the proceedings are begun during any term-time. The appellant herself confines her objection on the ground stated to the consideration of the petition for judicial administration generally, but does not refer specifically to the appointment of a temporary administrator. In proper cases the power of the district court to make such appointments in vacation is obvious. There being no express prohibition in the Act relating to special legal proceedings, the general rule prescribed in section 22 of the Code of Civil Procedure is applicable.

2. Let us examine the second assignment of error. The unverified petition for the appointment of a temporary administrator reads as follows:

"Now comes the petitioner by his attorney and respectfully shows:

"1. That he has filed a petition for the judicial administration of the property of Dr. Juan Dionisio Iturrino, deceased, thus initiating these proceedings.

"2. That, as alleged in clause 7 of the petition, the deceased left an estate subject to partition, consisting of rural and urban properties.

"3. That coffee is grown on the decedent's rural properties and the harvesting of the same has begun, the said properties having been in the actual possession of the legitimate daughter of the deceased since his death.

"4. That also rents are being derived from the urban properties which are being managed by the said legitimate daughter.

"5. That the rural properties contain live stock belonging to the succession of the decedent which is also under the absolute control of the said legitimate daughter.

"6. That the said products and live stock are susceptible of being removed and concealed, in which case the petitioner, who has never had any control of the said property or received any rents or profits therefrom, would be unjustly injured.

"7. That this court is in vacation and if its action in this matter be delayed the said property may be concealed and removed; wherefore, the principles of law and justice require the application of a speedy remedy to protect the rights of the petitioner.

"Therefore, the petitioner prays that, in accordance with section 30 of the Act relating to special legal proceedings of March 9, 1905, as amended by Act No. 16 of March 9, 1911, and in view of there being no testamentary executor, your honor appoint a temporary administrator, under the necessary bond, to take charge of the property and effects of the deceased pending the appointment of a permanent administrator; and the petitioner takes the liberty of suggesting that Santiago López, a man of recognized honesty and integrity, be designated for the discharge of the said duties under the authority of this honorable court."

Two days after the receipt of the above petition the judge made the following order:

"On the foregoing motion and in accordance with the provisions of section 30 of the Act relating to special legal proceedings of March 9, 1905, amended in this regard by Act No. 16 of March 9, 1911, Santiago López, who has been suggested by the petitioner, is appointed temporary administrator of the property and effects of

Dr. Juan Dionisio Iturrino, deceased, subject to his furnishing a bond endorsed by two reputable sureties in the sum of twenty thousand dollars.

"Let proper notice of this appointment be given. At chambers, September 11, 1915.

"(Signed)          ISIDORO SOTO NUSSA, Judge."

The power of the district court to appoint a temporary administrator pending the appointment of a permanent administrator is clear.

The law is silent as to what persons should be appointed, but in our opinion the rules prescribed by statute for the appointment of permanent administrators should be followed as far as possible. See *Díaz et al.* v. *Cividanes,* 23 P. R. R. 787; *Sabater* v. *Escudero,* 23 P. R. R. 794.

According to the allegation of the petitioner, the estate left by his alleged natural father was in the possession of his only legitimate child, Camila Teresa de Jesús Iturrino, who, under the law, had the largest interest in the estate and was, therefore, in the absence of a surviving spouse, entitled to the administration of the estate. Section 31 of the Act relating to special legal proceedings.

This being the case, how could the judge, without giving her a hearing, deprive her of said administration by virtue of an *ex parte* petition in which no extraordinary reasons were alleged and entrust the administration to a stranger in whose appointment she had no participation?

Judges have great discretion in cases of this kind, but the exercise of that discretion is not arbitrary.

It is true that it was alleged in the petition under consideration that coffee is grown on the rural properties forming part of the estate and that the harvesting had begun, and also that there was live stock which "might be concealed and removed"; and it is also true that the second paragraph of section 30 of the Act relating to special legal proceedings, as amended in 1911, reads as follows:

"In all cases where any of the persons mentioned in section 23 of this act, who, having the right to ask the judicial authorization, shall bring to the attention of the judge that there exists personal or movable property, capable of being easily removed or concealed, the judge shall direct the marshal to take immediate possession of same, making an inventory thereof, and to deposit *ad interim* the said property with any responsible party who may be one of the heirs, until a sufficiently bonded trustee can be appointed by the judge."

But a mere insinuation in a petition which is not even verified that the estate contains personal and movable property capable of being concealed or removed, is not sufficient to justify the judge in changing the existing order by depriving the person having the largest interest in the estate of the possession of the property without any proof of such person's lack of capacity or honesty, in order to preserve and administer the said property until it is lawfully partitioned and delivered to its rightful owners.

In our opinion the judge exceeded his powers in this case in appointing as temporary administrator the stranger suggested by the petitioner in absolute disregard of the heir having the largest interest in the estate who was in the possession of the property of the same.

3 and 4. The question of amendment of the affidavit has no bearing upon the decision of this appeal, but we think that the question of the legal capacity of the petitioner should be considered and decided.

It was alleged in the first petition that Dr. Iturrino died leaving a will from which he omitted the petitioner, for which reason the latter brought an action to recover his hereditary interest and to annul proceedings and that the district court rendered judgment in his favor on June 4, 1915, but in a verified motion of objection Camila Teresa de Jesús Iturrino maintained that the said action was pending on appeal before this court when the proceeding for judicial administration was begun.

We should not determine at this time whether the petitioner really possesses the status of heir of Dr. Iturrino. We should only start from the basis that such status has been attacked in an action still pending before this same court, and, therefore, that, according to the jurisprudence laid down by this court in *Rivera* v. *Cámara,* 17 P. R. R. 503, and *Puente et al.* v. *Puente et al.,* 16 P. R. R. 556, he has not as yet sufficient capacity to apply as heir for the judicial administration of the estate.

The petitioner may have other means recognized by law for protecting the property to which he may be entitled in case the action brought by him be finally decided in his favor, but as yet the petition for the judicial administration authorized by the Act relating to special legal proceedings is not his remedy. The question of whether the document in which he says his acknowledgment appears does or does not conform to the requirements of law and jurisprudence, so as to entitle him to be regarded as a natural child acknowledged in a solemn and authentic manner, is still *sub judice.*

In view of all the foregoing, the appeal should be sustained and the order appealed from

*Reversed.*

Justices Aldrey and Hutchison concurred.

Chief Justice Hernández and Justice Wolf took no part in the decision of this case.